UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 4:22 CR 722 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Rafael Alcauter, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon the Motion of the United States of America to Revoke and/or Stay the Order of the Magistrate Judge Granting the Defendant Conditions of Release. (Doc. 26). For the following reasons, the motion to revoke the bond is GRANTED.

**Facts**

Defendant was charged in the Northern District of Ohio with Conspiring to Possess with the Intent to Distribute and to Distribute Fentanyl, Methamphetamine, Heroin, Cocaine Base (Crack), and Marijuana, in violation of Title 18, United States Code, Section 846 (Count One); and Conspiring to launder the proceeds from those drug trafficking activities, in violation of

1

Title 18, United States Code, Section 1956(h) (Count Nine). Based upon the amounts and type of controlled substances involved in the offenses, the applicable statutory period for Count One has a mandatory minimum term of imprisonment of ten years and a maximum term of up to life.

After defendant was arrested in California, he appeared before a United States Magistrate Judge who granted conditions of release, including a $100,000 bond, pending trial. By prior Order, this Court stayed the Magistrate Judge's order setting the conditions of release. (Doc. 27).

Accordingly, this matter is now before the Court upon the government's request to revoke the bond.

**Standard of Review**

"This Court conducts a *de novo* review of a Magistrate Judge's detention order." *United States v. Xiaorong You,* 2019 WL 2426659 (E.D.Tenn. June 10, 2019) (citing *United States v. Villegas*, 2011 WL 1135018, at *4 (E.D. Tenn. Mar. 25, 2011) and *United States v. Romans*, 2000 WL 658042, at *1 (6th Cir. May 9, 2000)).

Based on defendant's charges, there is a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3).  Thus, the statutory presumption shifts the burden to defendant to produce evidence.  A defendant may be detained pending trial if a judge finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.  *United States v. Stone*, 608 F.3d 939 (6th Cir. 2010). This Court must consider the statutory factors set forth in 18 U.S.C. § 3142(g) to determine whether to detain a defendant pending trial.  These factors include the nature and circumstances of the offenses charged, the weight of the evidence against defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person

or the community that would be posed by defendant's release.

**Discussion**

Defendant maintains that the decision of the Magistrate Judge setting the bond should be affirmed, and that the Court may impose the additional condition of GPS monitoring. Defendant asserts that his history and characteristics justify bond. He points out that he is a United States citizen, living in this country for over 40 years. He resides in California with a wife and children. He has close family in Mexico, including his mother, where he was born. Defendant has had his own business for over 25 years, and owns his home. He has a limited criminal history, no history of violence, and has appeared for all court dates.

For the following reasons, the Court agrees with the government that any assurances presented by defendant do not rebut the presumption of both the risk of flight and the danger to the community. A balancing of the relevant factors establish that no condition or combination of conditions can reasonably assure the appearance of defendant.

The first two factors weigh in favor of detention. Defendant has been charged in a drug conspiracy offense, selling large amounts of dangerous drugs through an enterprise involving distribution and shipment into Ohio. The evidence, as described by the government, involves the receipt of drugs in Ohio and laundered payments to defendant's bank account. (Doc. 26 at 3, 4-5).

The third and fourth factors also weigh against defendant. The government points out that defendant's criminal history includes a prior federal drug conviction in California, and there is a current investigation in the Southern District of Ohio for facilitating money laundering and supplying drugs to a large-scale drug trafficking organization in that district. The government

outlines evidence collected in that investigation which includes, among other things, defendant's recent frequent travel throughout this country and to Mexico, numerous phone contacts with telephone numbers in Mexico, and the use of a truck not registered to his home address.  Finally, the government points out that defendant was arrested on January 16, 2023, on the warrant issued in this case as he was boarding a plane in Oakland, California bound for General Francisco Mujica International Airport (MLM), which services Morelia, Michoacan, Mexico. At that time, the Indictment had been unsealed, and the government states that defendant had been contacting a co-defendant after the unsealing.  Defendant states he was on his way to meet his wife and daughter who were vacationing in Mexico.  However, the government has provided the report related to defendant's arrest wherein he told the examiners that he was "traveling by himself to Michoacan, Mexico to visit his mother for about 2 weeks." (Doc. 38 Ex. 1). Additionally, the government obtained information from Homeland Security that defendant's wife and daughter were flying in and out of a different airport in Mexico, about 177 miles from defendant's intended destination.  Moreover, defendant had a one way ticket with no date planned for return to the United States.

Given all of the above, the defendant has failed to present evidence to rebut the presumption of detention.

**Conclusion**

For the foregoing reasons, defendant's motion to revoke the bond is granted.

IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Court
                                        Chief Judge

Dated: 3/21/23